IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CR-5646-01 |
| | ) | |
| DONTA MOSLEY, | ) | Hon. Michael Brown |
| | ) | Judge Presiding |
| Defendant. | ) | |

FILED
MAR 15 2013
DOROTHY BROWN
CLERK OF CIRCUIT COURT

## ORDER

Defendant was indicted on and convicted of separate charges of committing aggravated unlawful use of weapons under section 24-1.6 of the Illinois Criminal Code by carrying on land not his own a weapon 1) that was uncased, loaded and immediately accessible 2) without a valid Firearm Owner's Identification Card ("FOID"). *See* 720 ILCS 5/24-1.6(a)(1) & (a)(3)(A) & (C) (West 2012). After hearing argument on the constitutionality of the statute's sentencing provision, 720 ILCS 5/24-1.6(d)(2) (West 2012), this court finds as follows:.

1. Following a bench trial, defendant was found guilty on December 10, 2012, of aggravated unlawful use of a weapon ("AGG UUW") under 720 ILCS 5/24-1.6(a)(1) & (a)(3)(A) & (a)(3)(C) (West 2012). The statute reads as follows:

> (a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:
>
> (1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his abode, legal dwelling or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; or

> (2) Carries or possesses on or about his or her person upon any public street, alley or other public lands within the corporate limits of a city, village or incorporated town except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her abode, legal dwelling or fixed place of business or on the land or in the legal dwelling of another person as an invitee with that person's permission any pistol, revolver, stun gun or taser or other firearm; and
> (3) One of the following factors is present:
>> (A) The firearm possessed was uncased, loaded and immediately accessible at the time of the offense, or
>>
>> . . .
>>
>> (C) The person possessing the firearm has not been issued a currently valid Firearm Owners Identification Card.
>
> . . .

720 ILCS 5/24-1.6 (West 2012).

2. After finding defendant guilty, the court ordered a presentence investigation. The investigation found that defendant is a 20-year-old college student with no prior criminal background, either as a juvenile or an adult.

3. Prior to sentencing, the court sought additional argument on the question of the constitutionality of 720 ILCS 24-1.6(d)(2), the sentencing provision of the AGG UUW statute. Section 24-1.6(d)(2), read in conjunction with the disposition statute, 730 ILCS 5-5-3 (West 2012), requires a court to sentence a defendant who is found guilty of AGG UUW where both the aggravating factors listed in 24-1.6(a)(3(A) & (C) are present to at least one year in prison, with no possibility of probation, as follows:

> (d) Sentence
> (1) Aggravated unlawful use of a weapon is a Class 4 felony . . . .
> (2) . . . [A] first offense of aggravated unlawful use of a weapon committed with a firearm by a person 18 years of age or older where the factors listed in both items (A) and (C) of paragraph (3) of subsection (a) are present is a Class 4 felony, for which the person shall be sentenced to a term of imprisonment of not less than one year and not more than 3 years.

720 ILCS 5/24-1.6 (West 2012).

\* \* \*

>    (c) (1) (Blank)
>        (2) A period of probation, a term of periodic imprisonment or conditional discharge shall not be imposed for the following offenses. The court shall sentence the offender to not less than the minimum term of imprisonment set forth in this Code for the following offenses, and may order a fine or restitution or both in conjunction with such term of imprisonment:
>
>            ...
>
>            (F-5) A violation of Section 24-1, 24-1.1, or 24-1.6 of the Criminal Code of 1961 [720 ILCS 5/24-1, 720 ILCS 5/24-1.1, or 720 ILCS 5/24-1.6] for which imprisonment is prescribed in those Sections.
>
>            ...

730 ILCS 5-5-3 (West 2012).

4. On March 8, 2013, counsel for defendant and the State's attorney argued the constitutionality of 720 ILCS 24-1.6(d)(2) before this court. The court now makes its ruling on the matter in this written Order.

5. A sentencing court "does not have authority to impose a sentence that does not conform with statutory guidelines, and a court exceeds its authority when it orders a lesser or greater sentence than that which the statute mandates. In such a case, the defendant's sentence is illegal and void." *People v. White*, 2011 IL 109616, ¶20 (internal citations omitted).

6. In *People v. White*, it was argued that the parties could agree in a plea bargain to a sentence that did not include a mandatory firearm enhancement. The Illinois Supreme Court disagreed, holding that if the factual basis presented by the State in support of the guilty plea shows that a firearm was used in the commission of the offense, then the sentence imposed by the court must include the mandatory firearm enhancement, and any sentence of less than the statutory minimum term, the firearm enhancement included, is necessarily void. 2011 IL 109616, ¶ 26-27.

3

7.      Although, unlike *White*, this case does not involve a plea bargain, *White* is controlling on the issue of whether this court must impose a prison sentence, not probation, in accord with 720 ILCS 24-1.6(d)(2). Under 730 ILCS 5-5-3(c)(2)(F-5), this court may not impose probation as a sentence for any violation of 720 ILCS 24-1.6 for which imprisonment is prescribed in that section. 720 ILCS 24-1.6(d)(2) prescribes a prison sentence of at least one year as punishment for any aggravated unlawful use of a weapon "where the factors listed in both items (A) and (C) of paragraph (3) of subsection (a) *are present*" (emphasis added).

8.      The evidence at trial showed that defendant both 1) carried an uncased, loaded, immediately accessible weapon (aggravating factor 24-1.6(a)(3)(A)) and 2) did not have a Firearm Owner's Identification Card (aggravating factor 24-1.6(a)(3)(C)). Thus, the "factors listed in *both* items (A) and (C)" are "present" in this case, and the court must impose the nonprobationable one-to-three-year prison sentence prescribed by 720 ILCS 24-1.6(d)(2), or else the sentence is void, per *White*.

9.      The court could sentence defendant to probation if he were convicted of AGG UUW on the basis of *either* aggravating factor (a)(3)(A) or (a)(3)(C), but not both. Defendant was charged with violating aggravating factors (a)(3)(A) or (a)(3)(C) in separate counts, and, under the one-act, one-crime rule, a trial court generally must merge the counts of which a defendant has been convicted into a single count for sentencing, if they stem from the same act.

10.     However, in this case, 720 ILCS 24-1.6(d)(2), read in light of *White*, prevents this court from merging the counts into one count or the other for purposes of sentencing. Because both aggravating factors (a)(3)(A) and (a)(3)(C) are present, any sentence other than one within the range of imprisonment prescribed by section 720 ILCS 24-1.6(d)(2) would be void under *White*.

11. Thus, this court, while recognizing that it must avoid ruling on the constitutionality of a statute if possible, finds that a ruling on the constitutionality of 720 ILCS 24-1.6(d)(2) in this case is necessary to the decision rendered.

**Due Process**

12. While mindful that statutes are presumed valid and should be generally construed to avoid constitutional infirmity, "[t]here is no rule of construction which allows the court to declare that the legislature did not mean what the plain language of the stature imports. Where an enactment is clear and unambiguous, the court is not free to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." *People v. Woodard*, 175 Ill.2d 435 (1997).

13. Here, the age requirements of the relevant statutes are clear and unambiguous. Based on the disposition statute, 730 ILCS 5-5-3 (West 2012), and on subsection (d)(2) of the AGG UUW statute, an AGG UUW offense where both aggravating factors (A) and (C) are present is a non-probationable class 4 felony when the offender is 18 years of age or older. As explained above, where either factor is absent, the offense is a probationable Class 4 felony.

14. However, in order to apply for a FOID card an applicant must generally be 21 years of age or older. *See* 430 ILCS 65/4(a)(2)(i) (West 2012). If under the age of 21, the applicant must have the written consent of his or her parent or legal guardian, and the parent or legal guardian must file an affidavit with the Department of State Police swearing that he or she is not prohibited from having a Firearm Owner's Identification Card and that he or she is otherwise fit to consent to the minor's application for various enumerated reasons, which include the following:

   (ii) He or she has not been convicted of a felony under the laws of this or any other jurisdiction;

    ...
  (iv) He or she has not been a patient in a mental institution within the past 5 years and he or she has not been adjudicated as a mental defective;
  (v) He or she is not intellectually disabled;

430 ILCS 65/4(a)(2) (West 2012). Thus, an offender under the age of 21 cannot independently obtain an FOID card. An offender cannot compel his parent or guardian to consent to an FOID card application. Further, even if consent would be availing, the status of the parent/guardian could prohibit the offender from obtaining the FOID card. The FOID Act requires the parent/guardian, under pain of perjury, to claim they are themselves eligible for a card. Id. Neither can the underage offender be held legally accountable for the failure of a third party to give consent to an FOID card. See 720 ILCS 5/5-2.

  15. Thus, first-time underage offenders subject to the non-probationable sentence provision under 720 ILCS 5/24-1.6(d)(2) face a juridical impossibility. Simply put, the FOID Card Act prohibits 18-, 19-, and 20-year-olds from individually complying with the very law that prevents the imposition of a nonprobationable sentence.

  16. Further, in this particular case according to the presentence investigation, the defendant's parents had been incarcerated. They were legally prevented from providing the consent that defendant required to obtain a FOID card.

  17. In the court's view, this juridical impossibility offends due process as enumerated in the United States Constitution, Fourteenth Amendment and Article I, Section 2 of the Constitution of the State of Illinois. For these reasons, the court finds 720 ILCS 5/24-1.6(d)(2) to be unconstitutional.

**Proportionate Penalties Clause**

18. Under Article I, Section 11, or the "proportionate penalties" clause, of the Illinois Constitution, "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

19. A statute violates the proportionate penalties clause if it either (1) imposes a penalty that is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community, *People v. Gonzales*, 25 Ill. 2d 235, 240 (1962); or (2) establishes an offense with elements identical to those of another offense but punished differently, *People v. Christy*, 139 Ill. 2d 172, 181 (1990).

20. The first test, the "disproportionate to the offense" test, has never been clearly defined by the Illinois Supreme Court. *See People v. Miller*, 202 Ill. 2d 328, 339 (2002) ("We have never defined what kind of punishment constitutes 'cruel,' 'degrading,' or 'so wholly disproportioned to the offense as to shock the moral sense of the community.' This is so because, as our society evolves, so too do our concepts of elemental decency and fairness which shape the 'moral sense' of the community.")

21. Unlike the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution, which the Supreme Court has held to be violated by only the most severe punishments, under the "disproportionate to the offense" test the proportionate penalties clause prohibits a sentence of even a relatively short term of imprisonment if the sentence is long enough to be out of proportion with the seriousness of the crime. In *People v. Morris*, 136 Ill. 2d 157, 167-68 (1990), the Illinois Supreme Court held that a prison sentence of three to seven years for altering a vehicle's temporary registration permit is a disproportionately harsh punishment where the defendant alters only his own car's permit and there is no suggestion that he had committed or attempted any theft.

22. Similarly, in defendant's case, the offense becomes nonprobationable due to the presence of an aggravating factor that defendant could not have avoided, simply because he is too young to apply for a FOID card. Essentially, the court must sentence defendant to imprisonment rather than probation merely because he is under 21. Under such circumstances, the seriousness of the punishment is out of proportion to the seriousness of the offense.

23. Further, nonviolent gun offenses of the type committed by defendant, unlike violent gun offenses, are commonly and appropriately punished with probation. *Compare People v. Remon*, 40 Ill. App. 3d 337, 341 (1st Dist. 1976) (probation appropriate punishment for defendant carrying a loaded automatic weapon without a Firearm Owner's ID Card where the weapon "was not used in an aggressive manner") with *People v. Daniels*, 39 Ill. App. 3d 562, 565 (3d Dist. 1976) (probation inappropriate punishment for armed robbery, a "serious and reprehensible" crime) and *People v. Mask*, 34 Ill. App. 3d 668, 675-76 (5th Dist. 1975) (periodic imprisonment properly denied because defendant exhibited "violence and disregard for life and property" in committing armed robbery). By removing probation from the range of possible punishments, 720 ILCS 24-1.6(d)(2) effectively requires this court to treat petitioner's nonviolent gun offense as a violent gun offense, just as the statute at issue in *Morris* required the court there to treat altering a registration permit as a theft offense. The sentencing provision of the aggravated UUW statute therefore imposes a punishment that is disproportionate to the seriousness of the offense so as to shock the moral sense of the community, and it therefore violates the proportionate penalties clause.

24. Under the second test for proportionate penalties clause violations, the identical elements test, a statute is unconstitutional if it establishes an offense with elements identical to those of another offense but punished differently. The offense established by 720 ILCS 24-

1(a)(4) (West 2012) ("misdemeanor UUW") appears to have identical elements to AGG UUW under 720 ILCS 24-1.6(a)(1) & (3)(A) & (C), but it is punished only as a Class A misdemeanor. The misdemeanor UUW statute provides as follows:

> (a) A person commits the offense of unlawful use of weapons when he knowingly:
>
>    ...
>
> (4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a) (4) does not apply to or affect transportation of weapons that meet one of the following conditions:
>
>    (i)  are broken down in a non-functioning state; or
>    (ii) are not immediately accessible; or
>    (iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card.

720 ILCS 24-1(a)(4) (West 2012).

25. The State argues that the Illinois Appellate Court has already held that these two statutes do not have identical elements in *People v. McGee*, 341 Ill. App. 3d 1029 (1st Dist. 2003). In *McGee*, the defendant argued that these two statutes have identical elements because a person carrying an uncased, loaded, readily accessible weapon without a FOID card can be convicted under either statute. However, the court disagreed, holding that the two offenses do not have identical elements because misdemeanor UUW does not require that the weapon be loaded, nor does it require that the defendant not have been issued a Firearm Owner's Identification Card. See *McGee*, 341 Ill. App. 3d at 1035.

26. However, *McGee*'s interpretation of section 24-1(a)(4) is incorrect under the Illinois Supreme Court's decision in *People v. Laubscher*, 183 Ill. 2d 330, 335 (1998). *McGee* did not discuss or cite *Laubscher*, which explained that "[w]hen an exception appears as part of

the body of a substantive offense, the State bears the burden of disproving the existence of the exception beyond a reasonable doubt in order to sustain a conviction for the offense." 183 Ill. 2d at 335. Consistently with this principle, *Laubscher* held that, to secure a conviction under the misdemeanor UUW statute, the State had the burden of proving that the defendant was *not* "on his land" when the unlawful use of weapons occurred because the "on his land" exception appears in the misdemeanor UUW statute as "part of the body of [the] substantive offense."

27. Similarly here, the exception in the misdemeanor UUW statute for weapons that are "unloaded and enclosed in a case . . . by a person who has been issued a currently valid Firearm Owner's Identification Card" also appears as a part of the body of the substantive offense of misdemeanor UUW. The State must prove that the defendant was carrying a weapon that was not "unloaded" and not encased by a person with a valid FOID card to secure a conviction under the misdemeanor UUW statute, just as the State must prove that the defendant carried a weapon that was loaded and uncased under aggravating factor (a)(3)(A) of the AGG UUW statute and that the defendant does not have a FOID card under aggravating factor (a)(3)(C) to convict a defendant of AGG UUW under section 24-1.6 under circumstances such as those pertaining to defendant in this case. The wording of the two statutes are, in the court's view, a distinction without difference

28. In its analysis of the misdemeanor UUW statute, *McGee* thus fails to follow the approach taken by the Illinois Supreme Court in *Laubscher*. Facing a conflict between an appellate court decision and a supreme court decision, this court must, of course, follow the supreme court. *See Grundy v. Lincoln Park Zoo*, 2011 IL App (1st) 102686, ¶ 15 (1st Dist. 2011); *Robinson v. Johnson*, 346 Ill. App. 3d 895, 907 (1st Dist. 2004) ("[I]t is fundamental to our judicial system that once our supreme court declares the law on any point, its decision is

binding on all Illinois courts, and we cannot refuse to follow it because we have no authority to overrule or modify supreme court decisions.") (quoting *People v. Crespo*, 118 Ill. App. 3d 815, 822 (1st Dist. 1983)).[1]

29. Thus, a person carrying an uncased, loaded, immediately accessible weapon without a FOID card can be charged and convicted under either statute, the misdemeanor UUW statute or the AGG UUW statute. The greater punishment required for a violation of the AGG UUW statute can only be justified under the proportionate penalties clause if the statute requires the State to prove different or additional elements to convict a defendant of AGG UUW; however, contrary to *McGee*, the statute makes no such requirement. The elements of the two offenses are identical. The AGG UUW statute is therefore unconstitutional under the proportionate penalties clause of the Illinois Constitution because it fails the identical elements test.

## Findings Under Illinois Supreme Court Rule 18

30. Based on the preceding discussion, this court finds that the offense established by 720 ILCS 24-1.6(a)(1) & (a)(3)(A) & (C), and the punishment prescribed for the offense by 720 ILCS 5/24-1.6(d)(2), are unconstitutional based on the proportionate penalties clause of Article I, section 11 of the Illinois Constitution and the due process clause of Article I, section 2 of the Illinois Constitution;

---

[1] This court also notes that the statute has changed since *McGee* was decided. The combination of aggravating factors (a)(3)(A) and (C) did not then increase the punishment for the offense. It was only with an amendment to the statute effective in 2011 that AGG UUW became nonprobationable, with a mandatory prison sentence of not less than one year, where both (A) and (C) are present.

11

31. That, as to these provisions, the aggravated unlawful use of weapons statute is unconstitutional both on its face and as applied to the defendant because it cannot be reasonably construed in a manner that would preserve its validity;

32. That this finding of unconstitutionality is necessary to the judgment rendered, and the judgment could not rest on an alternative ground; and

33. That the State has received the notice required by Illinois Supreme Court Rule 19, as 1) the States Attorney is a party to these proceedings, 2) the State's Attorney had notice to defend the constitutionality of the statute in this matter, and 3) the State's Attorney did in fact argue in defense of the statute in this court.

### Remedy

34. Because 720 ILCS 24-1.6 (West 2012) is hereby declared unconstitutional both on its face and as applied to the defendant, this court sentences petitioner pursuant to 720 ILCS 24-1(a)(4) (West 2012). Under section 24-1(a)(4), petitioner is guilty of a Class A misdemeanor and is hereby sentenced to probation. This punishment permits defendant to apply for a FOID card when he is 21 and comports with the objectives expressed in both the proportionate penalties clause of the Illinois Constitution of restoring the offender to useful citizenship and also limiting the condemnation of conduct as criminal when it is without fault, and preventing[ing] arbitrary or oppressive treatment of persons convicted of offenses under 730 ILCS 5/1-1-2 (West 2012).

ENTERED: *[signature]*
Hon. Michael Brown
Circuit Court of Cook County
Criminal Division