UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

| | |
|---|---|
| TEMPEST HORSLEY<br>*Plaintiff(s)*<br><br>v.<br><br>JESSICA TRAME<br>*Defendant(s)* | Civil Number: 13-321-WDS-SCW<br>CJRA Track: B<br>Presumptive Trial Month: July 2014<br>Final Pretrial Conf:  6/9/14 at 11:30 AM<br>Judge: William D. Stiehl, District Judge |

## UNIFORM TRIAL PRACTICE AND PROCEDURES

In conformity with the Civil Justice Reform Act of 1990 and in compliance with the Civil Justice Expenses and Delay Reduction Plan adopted by this Court, the following uniform procedures will apply to all civil cases filed in the Southern District of Illinois.

### Scheduling Practice

Trial settings and other scheduling will vary depending on the track classification which was assigned to the case at the time of filing by the trial judge to whom the case is assigned. There are four tracks: "A," "B," "C," and "D." "A" cases are set for trial between 8-10 months after the date of first appearance of a defendant or the default date; "B" cases 11-14 months after the date of first appearance of a defendant or the default date; "C" cases 15-18 months after the date of first appearance of a defendant or the default date; and "D" cases 19-24 months after the date of first appearance of a defendant or the default date.

Except in cases exempted under SDIL-LR 26.1(a), the attorneys (and any unrepresented parties) must meet in accordance with SDIL-LR 16.2(a) at least **21 days** before any scheduling conference set by the Court to candidly discuss the issues in the case and potential discovery

needs. Fed. R. Civ. P. 26(f). Within **14 days** after this meeting, and at least **7 days** before the date of the scheduling conference, the participants must submit a Joint Report of the Parties and Proposed Scheduling Order to the Magistrate Judge.

All track "B," "C," and "D" cases will be set for a scheduling and discovery conference before a Magistrate Judge within **40 days** after the track has been set by the District Judge. The scheduling conference may be canceled at the discretion of the Court following receipt of the Joint Report of the Parties regarding their initial meeting. The Magistrate Judge may approve the parties' Joint Report of Parties and Proposed Scheduling and Discovery Order, or enter a separate scheduling order, as circumstances require.

A final pretrial conference will be held by the trial judge at least **7 days** prior to the first day of the presumptive trial month. The parties shall confer and jointly submit a Final Pretrial Order **3 days** before the date of the final pretrial conference unless otherwise directed by the presiding judge.

## Disclosures and Discovery Practice

Except in cases exempted under SDIL-LR 26.1, the parties shall comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26(a). These disclosures must be supplemented by the parties, depending on the nature of the case and any limitations placed on discovery at the scheduling conference. The disclosures and supplementation are not to be filed with the Clerk of Court.

A party may not seek discovery from another source until: (a) the party seeking discovery has made its initial disclosures as required by Federal Rule of Civil Procedure 26(a), and, further, (b) the parties have met and conferred as required by SDIL-LR 16.2(a).

A party may not seek discovery from another party before such disclosures have been made by, or are due from, such other party. The cut-off date for all discovery, including experts and third parties, shall not be later than **115 days** prior to the first day of the month of the presumptive trial date. Disclosure of experts and discovery with reference to experts and other discovery dates will be set according to the Joint Report of the Parties following their initial meeting or at the scheduling and discovery conference before the Magistrate Judge.

### Motion Practice

Motions to remand, to dismiss, for judgment on the pleadings, for summary judgment, and all post-trial motions shall be supported by a brief and filed with the Clerk of Court. Any adverse party shall have **30 days** after the service of the movant's brief in which to file and serve an answering brief.

Briefs shall be no longer than 20 double-spaced typewritten pages, 12 point font. Reply briefs, if any, shall be filed within **14 days** of the service of a response and shall be no longer than **5 pages**. Such briefs are not favored and should be filed only in exceptional circumstances. Under no circumstances will sur-reply briefs be accepted. If a party believes it is necessary to supplement its brief with new authority due to a change in the law or the facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief. The supplemental authority shall be filed in accordance with the supplemental authority provisions found in Federal Rule of Appellate Procedure 28(j).

For all motions other than those listed above, a supporting brief is not required. A party opposing such a motion shall have **14 days** after service to file a written response. Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. A reply, if any, shall be filed within **7 days** of the service of the response.

A party may not schedule or notice a hearing or oral argument on a pending motion. Any party desiring oral argument on a motion shall file a formal motion and state the reason why oral argument is requested. Any motion may be either (1) scheduled by the Court for oral argument at a specified time; (2) scheduled for determination by telephone conference call; (3) referred to a United States Magistrate Judge for determination or recommendation; or (4) determined upon the pleadings and the motions without benefit of oral argument.

### Notice of Magistrate Judge's Availability

The parties are reminded that a United States magistrate judge is available to conduct all proceedings in this action pursuant to 28 U.S.C. § 636(c). If this case is transferred on consent to a magistrate judge, major criminal cases will not interfere with its scheduling and progress. The consent process is explained further on the Notice and Consent to Proceed Before a Magistrate Judge form, which is attached to this document. The form can also be printed or downloaded from the court's website, www.ilsd.uscourts.gov (under "Rules and Forms" then "For Civil Cases"), at any time.

NANCY J. ROSENSTENGEL, Clerk of Court


By: *s/ Cheryl A. Ritter*
Deputy Clerk

UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

vs.                          Case Number:

## NOTICE AND CONSENT TO
## PROCEED BEFORE A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* In accordance with 28 U.S.C. § 636(c), a United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States Court of Appeals for the Seventh Circuit like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent. You may consent to have your case referred to a magistrate judge, or you may withhold your consent without substantive adverse consequences.

Note: If this case is transferred on consent to a magistrate judge, major criminal cases will not interfere with its scheduling and progress. This means that it is likely this civil case will be resolved sooner and at less expense to the parties if a magistrate judge decides the case.

*Consent to a magistrate judge's authority.* The following parties consent to have a magistrate judge conduct all proceedings in this case including trial, entry of final judgment, and all post-trial proceedings.

*Printed Name of Party*                *Signature of Party or Attorney*           *Date*

Attorneys should electronically file this form under seal with the clerk of court only if consenting to the exercise of jurisdiction by a magistrate judge. Do not send this form to the judge. Unrepresented parties should submit the form to the clerk in paper format. Illinois Department of Corrections institutions participating in the electronic filing program should transmit the form electronically for e-filing by the clerk. Each party may file an executed form independently, or the parties may circulate one form to be signed by all and electronically filed when all signatures are obtained