IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TEMPEST HORSLEY, )<br>)<br>  Plaintiff, )<br>vs. )<br>)<br>JESSICA TRAME, in her official )<br>capacity as Chief of the Firearms )<br>Services Bureau, )<br>)<br>  Defendant. ) | No. 13-321 |

## MOTION TO STAY BRIEFING

NOW COMES the Defendant, JESSICA TRAME, by and through her attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to Fed. R. Civ. P. (6)(b) hereby moves to stay briefing on Plaintiff's motion for summary judgment, stating as follows:

1. On April 1, 2013, Plaintiff filed her complaint (Doc. #1) seeking, via 42 U.S.C. § 1983, a mandatory injunction requiring the Illinois State Police to accept for processing her application for a Firearm Owners Identification ["FOID"] without a signature of a parent or legal guardian, notwithstanding the requirement in section 4(a)(2)(i) of the Firearm Owners Identification ["FOID"] Card Act (430 ILCS 65/0.01 *et seq.*) that applicants under the age of 21 have the consent of a parent or guardian. Plaintiff alleges she is 18 years old and cannot obtain consent from a parent or guardian.

2. On June 14, 2013, Defendant filed a motion to dismiss (Doc. #7) and supporting memorandum (Doc. #8), arguing that the scope of the Second Amendment, as understood at the time of its ratification, did not extend to persons under the traditional age of majority and, in the alternative, that the FOID Card Act is constitutional.

1

3. On July 18, 2013, Plaintiff filed a motion for summary judgment, seeking an order directing the Illinois State Police to process and approve Plaintiff's FOID card application and issue Plaintiff a FOID card. (Doc. #10 at 15.) Per the docket entry, Defendant's response is due August 22, 2013.

4. As of this filing, the Court has not ruled on Defendant's motion to dismiss, Defendant has not filed an answer, and no answer is at this time required.

5. Plaintiff's motion raises more than mere questions of law, as Plaintiff seeks an order directing the Illinois State Police to issue Plaintiff a FOID card, asserting as a factual matter that Plaintiff is not prohibited from obtaining a FOID card by any number of laws whose validity Plaintiff does not challenge.

6. Specifically, Plaintiff asserts in her motion for summary judgment several purportedly undisputed facts, including that (1) Plaintiff is not precluded from possessing a firearm or receiving a FOID card by reason of mental instability, prior felony convictions, or other disqualifying facts; (2) Plaintiff's parents will not give consent to her FOID application; and (3) Plaintiff cannot obtain a guardian for the purpose of giving consent.

7. Such facts are necessarily within the knowledge of Plaintiff and other parties, not the Defendant, such that discovery into these issues will be required, depending on the Court's ruling on Defendant's motion to dismiss. (*See* Ex. A, Affidavit of Trame.)

8. Although a party is not precluded from filing a motion for summary judgment prior to the filing of Defendant's answer, Fed. R. Civ. P. 56(b), "courts are reluctant to grant summary judgment [prior to the filing of an answer] unless it is very clear that an answer will not raise any significant issues of fact." *In re KJK Const. Co., Inc.*, 414 B.R. 416, 426 (Bkrtcy. N.D. Ill. 2009) (quoting *Tapper v. Herbst (In re Herbst)*, 76 B.R. 882, 885 (Bankr. D. Mass. 1987); *see also Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280

(D. Neb. 1951); *Matini v. Reliance Standard Life Ins. Co.*, No. 05CV944 (JCC), 2005 WL 2739030 at *2 (E.D. Va. 2005) (courts approach motions for summary judgment filed before an answer with "extreme caution").

9. In such a case, courts appropriately defer ruling on the motion for summary judgment until an answer has been filed. *First American Bank, N. A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.C.D.C. 1981).

10. Here, the Court should stay briefing on the motion for summary judgment until such time as the Court has had an opportunity to consider Defendant's motion to dismiss and, if necessary, Defendants have had an opportunity to file an Answer and conduct discovery regarding the facts alleged in Plaintiff's complaint and motion.

11. A stay in briefing the motion for summary judgment pending a ruling on the motion to dismiss will allow the Court to better frame the issues in the event the case survives dismissal, so that the parties may better tailor their discovery and arguments for a more efficient resolution of the issues.

12. Additionally, at the time Plaintiff filed her motion for summary judgment, the undersigned was out of the office on paternity leave. The undersigned did not return to the office until August 8, 2013.

13. Upon returning to the office on August 8, 2013, the undersigned has been preparing for trial in *Kinney v. Anglin*, 10-cv-2238 (USDC-CDIL) (since vacated and awaiting rescheduling), preparing objections to the Magistrate Judge's Report and Recommendations on cross-motions for summary judgment in *Mordi v. Zeigler*, 11-cv-193 (USDC-SDIL), preparing a response brief in administrative review in Bee-J Amusements v. Illinois Gaming Bd., 12-MR-120 (Ill. Cir. Ct., Tazewell County) (ongoing), and preparing

a response to a motion for summary judgment in *Shehadeh v. DHS*, 13-MR-1 (Ill. Cir. Ct., Christian County) (ongoing).

14. Additionally, the undersigned will be engaged in extensive preparation in the coming weeks for a three-day hearing before the Civil Service Commission set for September 10–12, 2013, in addition to balancing the demands of his caseload.

15. Therefore, should the Court determine that a stay is not warranted, Defendant requests, in the alternative, a 28-day extension, up to and including September 26, 2013, in which to respond to Plaintiff's motion for summary judgment.

WHEREFORE, Defendant requests this honorable Court stay briefing on Plaintiff's motion for summary judgment until the Court rules on Defendant's motion to dismiss and, if necessary, Defendant has an opportunity to answer the complaint. In the alternative, Defendant requests a 28-day extension, up to and including September 26, 2013, in which to respond to Plaintiff's motion for summary judgment.

    Respectfully submitted,

    JESSICA TRAME, in her official capacity as
      Chief of the Firearms Services Bureau,

    Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois

    Attorney for Defendant,

By: s/ Joshua D. Ratz
    Joshua D. Ratz, #6293615
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois  62706
    (217) 782-9094  Phone
    (217) 524-5091  Fax
    E-Mail: jratz@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| TEMPEST HORSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 13-321 |
| ) | |
| JESSICA TRAME, in her official ) | |
| capacity as Chief of the Firearms ) | |
| Services Bureau, ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, the foregoing document, Motion to Stay Briefing, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Thomas G. Maag
tmaag@maaglaw.com

and I hereby certify that on August 16, 2013, a copy of the foregoing document was mailed by United States Postal Service, to the following non-registered participant:

None.

Respectfully Submitted,

s/ Joshua D. Ratz
Joshua D. Ratz, #6293615
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-9094  Phone
(217) 524-5091  Fax
E-Mail:  jratz@atg.state.il.us