IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TEMPEST HORSLEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 13-cv-00321-WDS-SCW |
| | ) |
| **JESSICA TRAME, in her official capacity as** | ) |
| **Chief of the Firearms Services Bureau,** | ) |
| | ) |
|     **Defendant.** | ) |

**RESPONSE AND OBJECTION TO MOTION TO STAY**

Comes now Plaintiff, by and through her attorney Thomas G. Maag and the Maag Law Firm, LLC, and in response and objection to Defendant's Motion to Stay, states as follows:

**INTRODUCTION**

Defendant does not object to a modest extension of time for Defendant to file a brief, and certainly understands the need and desire to spend time with a newborn child, even if the attorney general's office has literally hundreds of attorneys who can cover in the meantime. Certainly no more than a two week extension of time should be sufficient for this, so that this case can end promptly, and the ongoing and continuous violation of Plaintiff's constitutional rights can been put to a speedy demise. It bears reiterating that every day that this case has not been concluded in Plaintiff's favor is yet another day that one of our founding documents fundamental personal liberty guarantees is being violated on a systemic basis.

Plaintiff also has no objection to Defendant conducting whatever discovery they like, within the realm of relevance, reasonableness and applicable privilege. As far as counsel for Plaintiff is concerned, Defendant can send discovery requests and notice depositions right now, and no timeliness objection will be made based on the prematurity of the requests. In fact, counsel for Plaintiff has been trying for several weeks to speak with someone, anyone, at the

Attorney General's office about the scheduling and discovery order in this case, with no success despite assurances that phone calls would be forthcoming.

## ARGUMENT

What Defendant asks for is outrageous and disingenuous and smacks not of any legitimate or reasonable need for time, but rather as a weak excuse to continue to deny Plaintiff her constitutional right to keep and bear arms.

Defendant proposes staying, indefinitely, a ruling on the summary judgment motion, in order allegedly to conduct discovery on whether (1) Plaintiff is not precluded from possessing a firearm or receiving a FOID card by reason of mental instability, prior felony convictions, or other disqualifying facts; (2) Plaintiff's parents will not give consent to her FOID application; and (3) Plaintiff cannot obtain a guardian for the purpose of giving consent.

As to the first point, it is a forgone conclusion that the first thing that Defendant, or her counsel did, upon being served with this case, was to run Plaintiff's criminal and mental background checks and if there was a single hit on that system, we would have heard about it by now.  In fact, no competent attorney with the resources of the Illinois State Police or the Illinois Attorney General's Office would have failed to do this the first week after receiving the file.  As shown in Exhibit A to this response, mental health checks take only 24 hours using normal procedures, and can be conducted immediately via e-mail or telephone.  (Ex. A, ISP000017).  Normal criminal background checks conducted in normal FOID applications are similarly immediate, as being computerized, with Defendant seeing a criminal history for each name entered through the LEADS receiver.  (Ex. A, ISP000074).  Plaintiff has submitted sworn affidavits that she has never been arrested and has no mental disability.  Per the sworn affidavit of Defendant, the entire FOID application, background checks and processing can take place in

29 days. Ex. B. And this is without any ability to conduct discovery. If Plaintiff's affidavit is false, presumably Defendant can determine this in less than one business day. Sending interrogatories to, or deposing Plaintiff will not change the fact that Plaintiff has no federal or state prohibitions on possessing a firearm, other than being 18 years of age and lacking a FOID card. If this claim is false, Defendant can determine this fact in less than one business day, without sending a single discovery request or conducting a single deposition. The STATE has all the records in its possession already.

As to whether Plaintiff's parents will not sign her FOID Card. Plaintiff has submitted an affidavit of the truth of the matter. *Planned Parenthood v. Danforth*, 428 U.S. 52 (U.S. 1976) makes clear that such a limitation is not constitutional. Thus, the real issue is whether the requirement itself is constitutional. This is a legal question, and again, no discovery is required for such a legal question, a legal question that Defendant has already briefed in its Motion to Dismiss.

As to whether or not Plaintiff cannot obtain a guardian for the purpose of giving consent, to suggest that discovery is necessary for this is asinine. This is a legal question. Either a guardian can legally be appointed under Illinois law for a non-disabled 18 year old, or one cannot. Certainly with all the legal resources at the Illinois Attorney General's Office, someone there would know if there is any way to do such a thing. Certainly an interrogatory to, or a deposition of, Plaintiff, will not answer that question. Only a review of the *law* will answer that question, and the undersigned has not only not found any legal way to do such an absurdity, he has never even heard of anyone seriously suggesting the possibility. In any event, discovery is not necessary for an issue of law.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Honorable Court grant Defendant an extension of time to file a response to her Motion for Summary Judgment of not more than 14 days, and to deny Defendants' Request to Stay Briefing and ruling on Plaintiff's Motion for Summary Judgment.

Dated:  August 21, 2013                                                       Respectfully Submitted,


                                            By:s/Thomas G. Maag

                                            Thomas G. Maag
                                            Maag Law Firm, LLC
                                            22 West Lorena Avenue
                                            Wood River, IL  62095

                                            Phone:  618-216-5291

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2013, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Joshua D. Ratz


Dated:  August 21, 2013                                                       *s/*Thomas G. Maag