IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TEMPEST HORSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-00321 |
| ) | |
| JESSICA TRAME, in her official capacity ) | |
| as Chief of the Firearms Services Bureau, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS TO ADMIT

COMES NOW Defendant, Jessica Trame, by and through her attorney, LISA MADIGAN, Attorney General of Illinois, and hereby submits the following Response to Plaintiff's Requests to Admit.

1. Admit that Plaintiff Tempest Horsley is a citizen of the State of Illinois.

   **RESPONSE:** Admit.

2. Admit that Plaintiff Tempest Horsley is a citizen of the United States of America.

   **RESPONSE:** Admit.

3. Admit that Defendant Jessica Trame is the Chief of the Firearms Services Bureau, of the Illinois State Police.

   **RESPONSE:** Admit.

4. Admit that that [sic] on or about March 14, 2013, Plaintiff Horsley mailed to the address listed on the Application for a Firearms Owners Identification Card for applications to be so sent, a properly completed Application for Firearm Owners Identification Card, along with a check in the amount of $10.00, which was proper and complete with the exception that Plaintiff's parent or legal guardian did not sign the application.

   **RESPONSE:** Defendant admits that an Application for Firearms Owners Identification Card bearing Plaintiff Horsley's name was mailed to the address listed on the Application. Defendant admits that the application was submitted with a Postal Money Order in the amount of $10.00. Defendant admits that the application did not

1

contain a notarized signature of a parent or legal guardian. As to the remaining allegations, including whether Plaintiff mailed her application on March 14, 2013 and whether Plaintiff properly completed her application, Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

5. Admit that on March 14, 2013, Plaintiff Horsley was a few months over 18 years of age, and had not yet reached 21 years of age.

   **RESPONSE:** Admit.

6. Admit that per the terms of the Firearms [sic] Owners Identification Card Act, as referenced on the application, an applicant must submit evidence that:
   "He or she is 21 years of age or over, or if he or she is under 21 years of age that he or she has the written consent of his or her parent or legal guardian to possess and acquire firearms and firearm ammunition and that he or she has never been convicted of a misdemeanor other than a traffic offense or adjudged delinquent, provided, however, that such parent or legal guardian is not an individual prohibited from having a Firearm Owner's Identification Card and files an affidavit with the Department as prescribed by the Department stating that he or she is not an individual prohibited from having a Card;"

   **RESPONSE:** Defendant admits that Plaintiff has accurately quoted a portion of the Firearm Owners Identification Card Act and that an applicant must submit the evidence quoted. Defendant further admits that the quoted requirements are referenced on FOID applications, but denies that the language, as quoted, appears on FOID card applications.

7. Admit that Defendant will not approve an Application for a Firearms [sic] Owners Identification Card for an application [sic] who is at least 18, but not yet 21, who has not provided the written consent of his or her parent of legal guardian to possess and acquire firearms and firearms ammunition.

   **RESPONSE:** Defendant admits that as of the date of this Response, an application for a Firearm Owners Identification Card of a person who has not yet reached the age of 21 years and that does not contain evidence of the written consent of a parent or legal guardian would be initially denied by the Firearm Services Bureau if not first returned to the applicant as incomplete by the receiving vendor. Defendant cannot admit or deny the allegation that Defendant will never approve such an application, because there may, in the future, be changes to the law or regulations that would permit an approval of such an application.

8. Admit that on or about March 27, 2013, Defendant returned to Plaintiff her application for a FOID card, with a cover letter indicating that the application was "incomplete" because it lacked a notarized parental signature.

**RESPONSE:** Defendant admits that Plaintiff's application for a FOID card was returned to her with a cover letter indicating that the application was "incomplete." As to the remaining allegations, Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request. The only copy of the cover letter available to Defendant is attached to Plaintiff's motion for summary judgment, and the handwritten reasons stated therein are illegible.

9. Admit that Defendant will not process Plaintiff's FOID application without a notarized parental signature.

**RESPONSE:** Defendant admits that as of the date of this Response, if Plaintiff were to submit a FOID application prior to attaining the age of 21 years without a notarized signature of a parent or guardian, that application should be returned to her by the receiving vendor. Defendant cannot admit or deny the allegation that Defendant will never process "Plaintiff's FOID application without a notarized parental signature" because: (1) the receiving vendor might nonetheless forward the application to the Firearm Service Bureau, upon which the application may be processed (though may, if appropriate, be denied upon processing); (2) Plaintiff might submit her FOID application after turning 21, thus obviating any requirement for a parental signature; and (3) there may, in the future, be changes to the law or regulations that would permit processing and/or ultimate approval of a FOID card application filed by a person under the age of 21 without the notarized signature of a parent or guardian.

10. Admit that if Plaintiff was 21 years of age or older, that Defendant would process and approve her application for a FOID card, even without a notarized parental signature.

**RESPONSE:** Defendant cannot truthfully admit or deny this request because whether her application would be processed and approved depends on whether her application is complete and whether Plaintiff, as a factual matter, is not disqualified from possessing or acquiring a firearm by state or federal law. Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to: (1) determine that at the time Plaintiff applies, she would not be disqualified from possessing or acquiring a firearm for a reason other than her age; and (2) know whether any future application would be properly filled out and complete to proceed to processing.

11. Admit that Plaintiff has no legal guardian.

**RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

12. Admit that under Illinois law; it would be impossible to even appoint a legal guardian for Plaintiff, unless she was in some way disabled.

3

**RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

13. Admit that Plaintiff is not disabled such that she requires a legal guardian.

**REPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

14. Admit that at the time of the adoption of the Second Amendment to the U.S. Constitution, it was generally understood that that [sic] persons of at least 18 years of age could legally acquire and possess firearms for defense.

**RESPONSE:** Defendant objects to this request to the extent it seeks an admission as to the legal meaning of the Second Amendment and its protections because it does not request the admission of "facts, the application of law to fact, or opinions about either", and is therefore improper under Rule 36(a)(1)(A). Subject to this objection, Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny what was "generally understood" at the time of the adoption of the Second Amendment. Further, without specifics as to the factual circumstances of each hypothetical person, the jurisdiction in which the person resides, acts, or is located, and the existing laws and regulations of that jurisdiction, be it state, federal, or foreign, Defendant cannot admit or deny whether persons of at least 18 years of age could legally acquire and possess firearms for defense at the time of the adoption of the Second Amendment.

15. Admit that Plaintiff's parents will not sign the FOID application for Plaintiff.

**RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

16. Admit that subject only to various exceptions not relevant in this case; it is a criminal offense in Illinois to possess a firearm without being issued a Firearms Owners Identification Card.

**RESPONSE:** Defendant admits that, subject to various exceptions, it is a criminal offense in Illinois to possess a firearm without being issued a Firearm Owners Identification Card. Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny whether the exceptions to the Firearm Owners Identification Card Act are "not relevant" to this case.

17. Admit that persons who possess firearms without a FOID card are routinely arrested, prosecuted and jailed.

    **RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny the allegations of this request. Defendant has no way of knowing how many persons possess firearms without a FOID card and either go unnoticed or are not subject to the FOID Card Act, Illinois law, or federal law, and therefore has no way of knowing whether such persons are "routinely" arrested, prosecuted, or jailed.

18. Admit that Plaintiff Horsley desires to possess a firearm for self-defense inside of her home.

    **RESPONSE:** Admit.

19. Admit that Plaintiff Horsley cannot lawfully purchase or otherwise lawfully acquire or possess a firearm of any description for self-defense, without a FOID card, either from a federally licensed firearms dealer, from a non-licensed secondary seller or from any other source.

    **RESPONSE:** Defendant admits that Plaintiff Horsley cannot, *subject to Illinois law*, lawfully purchase or otherwise lawfully acquire or possess a firearm of any description for self-defense, without a FOID card, either from a federally licensed firearms dealer, from a non-licensed secondary seller or from any other source. Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny the remaining allegations of this request.

20. Admit that without a valid FOID card, Plaintiff Horsley cannot even lawfully make a firearm for her own use.

    **RESPONSE:** Defendant admits that Plaintiff Horsley cannot make a firearm for her own use *in Illinois without a valid FOID card*. Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny the remaining allegations of this request.

21. Admit that Plaintiff Horsley cannot lawfully possess a firearm for self-defense inside her home without a FOID card.

    **RESPONSE:** Defendant admits that, *subject to Illinois law*, Plaintiff Horsley cannot lawfully possess a firearm for self-defense inside her home without a FOID card. Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny the remaining allegations of this request.

22. Admit that Plaintiff Horsley is under no legal disabilities under 18 U.S.C. 922(g), or any state law, that would render her unable to legally own a firearm, had she been issued a FOID card.

   **RESPONSE:** Defendant objects to this request because it does not request the admission of "facts, the application of law to fact, or opinions about either", and is therefore improper under Rule 36(a)(1)(A). To the extent a request is required, Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

23. Admit that there is no state law mechanism to allow a person in Illinois, who is 18 years of age or older, but not yet 21 years of age, to lawfully possess a firearm when their parent or legal guardian will not sign their FOID application.

   **RESPONSE:** Denied.

24. Admit that Plaintiff has never been convicted of a felony.

   **RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

25. Admit that Plaintiff has never been convicted of a misdemeanor crime of domestic violence.

   **RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

26. Admit that Plaintiff has never renounced her U.S. citizenship.

   **RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

27. Admit that Plaintiff is not under indictment or information for a felony.

   **RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

28. Admit that Plaintiff has never been adjudicated as a mental defective.

**RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

29. Admit that Plaintiff is not an unlawful user of narcotics.

**RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request.

30. Admit that Exhibit A to Plaintiff's Motion for Summary Judgment is genuine.

**RESPONSE:** Defendant states that after a reasonable inquiry, the information known to Defendant or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this request. Exhibit A appears to have been redacted.

Respectfully submitted,

JESSICA TRAME, in her official capacity as
Chief of the Firearms Services Bureau,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois

Attorney for Defendant,

By:   s/ Joshua D. Ratz
      Joshua D. Ratz, #6293615
      Assistant Attorney General
      500 South Second Street
      Springfield, Illinois  62706
      (217) 785-4555  Phone
      (217) 524-5091  Fax
      E-Mail:  jratz@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| TEMPEST HORSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 13-321 |
| | ) | |
| JESSICA TRAME, in her official capacity as Chief of the Firearms Services Bureau, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2013, the foregoing document, Defendant's Response to Plaintiff's Requests to Admit, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Thomas G. Maag
tmaag@maaglaw.com

and I hereby certify that on October 16, 2013, a copy of the foregoing document was mailed by United States Postal Service, to the following:

Thomas G. Maag
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL  62095

Respectfully Submitted,

 s/ Joshua D. Ratz
Joshua D. Ratz, #6293615
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 785-4555  Phone
(217) 524-5091  Fax
E-Mail:  jratz@atg.state.il.us

8